PEERLESS CASUALTY COMPANY, Appellant, v. JOHN BORDI, Respondent. — Motion to modify the order of this court, entered January 25, 1961, so as to provide that the record and appellant's brief be filed and served on or before April 15, 1961, and be ready for argument at the term to commence May 15, 1961. Motion granted. Coon, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

GEORGE LEVITIN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 32773.) — Motion for reargument denied, without costs. The only evidence of damage interdicted in the decision of this court was the use of projected capitalization of income evaluation to unimproved land. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

MICHAEL LONGO, Respondent, v. ADIRONDACK DRILLING, INC., Appellant. — Motion for stay granted on condition that the appellant perfect the appeal on or before April 17, 1961 and be ready for argument at the term to commence May 15, 1961. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

In the Matter of VIRGINIA M. SLEIGHT, as Clerk of the Children's Court of the County of Warren. — The petition of the Clerk of Warren County Children's Court for permission to destroy records designated in the petition pursuant to section 89 of the Judiciary Law is granted. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

## FOURTH DEPARTMENT, MARCH, 1961

### (March 30, 1961)

CARPENTER & HUGHES, Appellant-Respondent, v. HENRY DE JOSEPH, Respondent-Appellant. — Judgment (erroneously termed order) modified by deleting the first sentence of the first ordering paragraph and as so modified unanimously affirmed, without costs of these appeals to either party. A certain conclusion of law disapproved and reversed, and new findings of fact made. Memorandum: Special Term correctly determined that defendant should be restrained from soliciting the business of plaintiff's customers and revealing their identity or disclosing other information relating to ophthalmic dispensing of such customers, other than from the medical profession. The granting of any further restraint would be more extensive than required by the legitimate interests of plaintiff. There is no proof herein that special skills, trade secrets, or other valuable business properties not enjoined are here involved. (*McCall Co.* v. *Wright*, 198 N. Y. 143; *Duro-Test Corp.* v. *Donaghy*, 9 A D 2d, 860; *Paramount Pad Co.* v. *Baumrind*, 4 N Y 2d 393.) (Cross appeals from order of Onondaga Trial Term dismissing the petition and complaint, but restraining defendant from soliciting the business of plaintiff's customers.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.